**UNITED STATES of America, Plaintiff–Appellant,**

v.

**David C. HILGER, Defendant–Appellee.**

No. 88–1177.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 1989.

Decided Feb. 10, 1989.

William T. McGivern, Jr., Asst. U.S. Atty., Appellate Section, San Francisco, Cal., for plaintiff-appellant.

Jeffrey R. Chanin, Karin Kramer, Keker & Brockett, San Francisco, Cal., for defendant-appellee.

Before NORRIS, NOONAN and LEAVY, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

On May 26, 1986 the tanker GOLDEN GATE collided with the fishing vessel JACK, JR. off the coast of California, killing all three members of the crew of the JACK, JR. On October 30, 1987 a grand jury returned an indictment charging the GOLDEN GATE's captain, appellee David Hilger, with three counts of violating 18 U.S.C. § 1115 (1982). On February 12, 1988, Hilger moved to dismiss the indictment on five grounds: (1) improper venue; (2) failure to allege the essential element of gross negligence; (3) failure to charge according to the proper unit of prosecution; (4) failure to charge with sufficient specificity; (5) and failure to state an offense under § 1115. On March 10, 1988 the district court granted Hilger's motion to dismiss on the second and third grounds—that the indictment failed to allege the essential element of gross negligence and that the indictment failed to charge according to the proper unit of prosecution. The district court ruled against Hilger on the remaining three grounds.

In this appeal, the government challenges the dismissal of the indictment on both of the grounds relied upon by the district court. The government argues that the unambiguous language of § 1115 [1]

---

1. Section 1115 provides in relevant part: "Every captain, engineer, pilot, or other person employed on any steamboat or vessel, by whose misconduct, negligence, or inattention to his

requires only proof of simple negligence, and that three counts were proper in this case because the unit of prosecution under § 1115 is the individual death rather than the incident. We need not address the merits of the government's arguments regarding the proper interpretation of § 1115, however, because we agree with Hilger that the indictment must be dismissed because the Northern District of California was not a proper venue.

■ Before turning to the merits of the venue question, we must deal with the government's contention that this issue is not properly before this court because Hilger did not take a cross-appeal. The government does not seem to quarrel with the general rule that "[i]n reviewing a district court's decision to dismiss, the court of appeals may affirm on any ground supported by the record." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir.), *cert. denied*, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 555 (1985). Instead, relying upon *United States v. Margiotta*, 646 F.2d 729 (2d Cir.1981), the government appears to be arguing that this rule is inapplicable in the instant case because appellee is trying to "secure from an appellate court more relief than that granted by the district court." Reply Brief of Appellant at 9.

The government's argument is unpersuasive. Hilger is not trying to obtain more relief from the court of appeals than he received from the district court; he is merely trying to defend the relief he has been granted—dismissal of the indictment—on a ground other than that relied upon by the district court. This he clearly may do. *See United States v. American Ry. Express Co.*, 265 U.S. 425, 435, 44 S.Ct. 560, 563, 68 L.Ed. 1087 (1924).

The government's reliance on *Margiotta* is simply misplaced. In *Margiotta*, the district court ordered the government to select in advance of trial one mailing on which a mail fraud count could go to the jury. The district court rejected the defendant's argument that the mail fraud count of the indictment failed to state an

offense under the mail fraud statute. The Second Circuit, in reversing the district court's order directing the government to select one particular mailing, refused to consider defendant's argument that the indictment failed to state an offense. As the Second Circuit reasoned:

> [The district court] order obliging the Government to elect a single mailing permitted [the mail fraud count] to go to the jury, albeit with a drastic limitation on the number of mailings that could constitute the offense of mail fraud. Defendant's contention that [the mail fraud count] does not state an offense seeks a total dismissal of the count.

646 F.2d at 734 (citation omitted). Thus, in *Margiotta*, the defendant *was* seeking to obtain more relief than that granted by the district court. Here, as noted above, Hilger is simply trying to defend the relief he has already obtained—the dismissal of the indictment.

Turning to the merits of the venue question, we agree with Hilger that the Northern District of California was not a proper venue under 18 U.S.C. § 3238 (1982), the federal venue provision which governs trial of offenses, such as this one, which are begun or committed on the high seas. Section 3238 provides:

> The trial of all offenses begun or committed on the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any of two or more joint offenders, is arrested or first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last-known residence of the offender or any of two or more joint offenders, or if no such residence is known, the indictment may be filed in the District of Columbia.

■ In the instant case, an indictment was filed in the Northern District of California on October 30, 1987 and Hilger was arrested in that district *after* he appeared

---

duties on such vessel the life of any person is destroyed ... shall be fined not more than $10,-

000, or imprisoned not more than ten years, or both."

there in compliance with a summons issued after the indictment was filed. The government argues that venue was proper in Northern California under the first clause of § 3238 (the clause before the semicolon) because the Northern District of California was the place where Hilger was "arrested or first brought." This argument is unconvincing. Hilger was *arrested* in the Northern District of California *only because* he was responding to a summons. Hilger had no choice but to come to the Northern District to answer the summons, which had been issued pursuant to the indictment filed in Northern California.[2]

To determine whether this indictment was proper in Northern California, we must look to the second clause of § 3238, which allows the government to indict in the district of the last-known residence of the offender, or if no residence is known, in the District of Columbia. Here, Hilger's residence was known to the government to be in Massachusetts. Therefore, the indictment in the Northern District of California was improper.

This holding is consistent with this court's earlier interpretations of § 3238. In *United States v. Layton*, 855 F.2d 1388 (9th Cir.1988), we held that the two clauses of § 3238 should be read in the disjunctive, noting that there are two ways of initiating criminal proceedings:

> [T]rial is proper in the district where the offender is first brought, *or* in the district of his last known residence if an indictment is filed before the offender is first brought into any district.

855 F.2d at 1410 (emphasis in original). Here, an indictment was filed before Hilger was "brought" (meaning first brought into a jurisdiction while in custody, *see United States v. Catino*, 735 F.2d 718, 724 (2d Cir.), *cert. denied*, 469 U.S. 855, 105 S.Ct. 180, 83 L.Ed.2d 114 (1984)) into any district, and the indictment was not filed in the district of Hilger's last known residence.

The government relies upon *United States v. Ross*, 439 F.2d 1355 (9th Cir.1971),

*cert. denied*, 404 U.S. 1015, 92 S.Ct. 686, 30 L.Ed.2d 661 (1972) to support its contention that venue was proper in the Northern District of California. The government's reliance is once again misplaced. In *Ross*, we found Northern California to be a proper venue because that district was the residence of one of the defendants. 439 F.2d at 1359.

▮ Having determined that Northern California was not a proper venue under § 3238, we now hold that dismissal of the indictment is required. When venue is improperly laid in a criminal case, dismissal is the appropriate remedy because a district court has no power to transfer such a case to a proper venue. 8A Moore's Federal Practice, Rule of Criminal Procedure, ¶ 21.02 (2d ed. 1987); *United States v. Swann*, 441 F.2d 1053, 1054 (D.C.Cir.1971).

The judgment of the district court dismissing the indictment is AFFIRMED.

---

**2.** If a defendant fails to appear in response to a summons, an arrest warrant shall issue. *See*

Fed.R.Crim.P. 9(a).