26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles William GENTRY, Defendant-Appellant.
 No. 93-30369.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.
Decided May 19, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles William Gentry appeals his 121-month sentence following entry of a guilty plea to engaging in a sexual act with a person incapable of appraising the nature of the conduct, in violation 18 U.S.C. Sec. 2242(2)(A). Gentry contends that the district court erred when it found that he obstructed the administration of justice. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo whether a defendant's conduct constitutes the obstruction of justice. United States v. Draper, 996 F.2d 982, 984 (9th Cir.1993).
 
 
 4
 The Sentencing Guidelines provide for a two-level upward adjustment in the offense level if the defendant willfully obstructs or impedes the administration of justice. U.S.S.G. Sec. 3C1.1. Willfully failing to appear for a judicial proceeding as ordered is an example of obstructing the administration of justice. U.S.S.G. Sec. 3C1.1, comment. (n. 3(e)).
 
 
 5
 A summons requires that "the defendant to appear before a magistrate judge at a stated time and place," or face arrest for failing to appear. Fed.R.Crim.P. 9(a), (b)(2); cf. United States v. Hilger, 867 F.2d 566, 568 (9th Cir.1989) (defendant required to appear as ordered in summons).
 
 
 6
 While in Ohio, Gentry was served with a summons to appear for arraignment in the district court in Idaho. Gentry drove to Idaho in order to appear in court. After he arrived, however, Gentry feared losing his freedom and decided to flee the state. He was arrested in Arkansas four months after his scheduled arraignment. Because Gentry willfully failed to appear at his arraignment as ordered by the summons, the district court properly adjusted Gentry's offense level by two levels for obstructing the administration of justice.[1] See U.S.S.G. Sec. 3C1.1, comment. (n. 3(e)); cf. Draper, 996 F.2d at 984-85.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gentry argues that the act of avoiding or fleeing from arrest is not intended to trigger the section 3C1.1 adjustment. Gentry, however, did not flee in the immediate aftermath of the crime, but after he was ordered to appear in a judicial proceeding. See U.S.S.G. Sec. 3C1.1 comment. (n. 4(d)); see, e.g., United States v. Madera-Gallegos, 945 F.2d 264, 267 (9th Cir.1991) (mere flight in immediate aftermath of crime does not constitute obstruction of justice); United States v. Garcia, 909 F.2d 389, 390-91, 392 (9th Cir.1990) (same)