93 F.3d 667
 96 Cal. Daily Op. Serv. 6260, 96 Daily Journal
D.A.R. 10,253
UNITED STATES of America, Plaintiff-Appellant,
v.
Ronald R. JENSEN, and Frederick Carl Peterson, Defendants-Appellees.
UNITED STATES of America, Plaintiff-Appellant,
v.
Jay CLIFFORD, Defendant-Appellee.
 Nos. 95-30105, 95-30111.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 5, 1995.
Decided Aug. 22, 1996.
 
 Gene Porter, Andrew R. Hamilton, Assistant United States Attorneys, Seattle, Washington, for plaintiff-appellant United States of America.
 Phillip A. Talbert, J. Ronald Sim, Stoel, Rives, Boley, Jones & Grey, Seattle, Washington, for defendant-appellee Ronald R. Jensen.
 
 
 1
 Stewart P. Riley, Seattle, Washington, for defendant-appellee Frederick Carl Peterson.
 
 
 2
 Howard K. Todd, Seattle, Washington, for defendant-appellee Jay Clifford.
 
 
 3
 Appeal from the United States District Court for the Western District of Washington, Barbara J. Rothstein, Chief District Judge, Presiding. D.C. No. CR-94-00507-1-BJR.
 
 
 4
 Appeal from the United States District Court for the Western District of Washington, Carolyn R. Dimmick, District Judge, Presiding. D.C. No. CR-94-00543-CRD.
 
 
 5
 Before: FLETCHER, KOZINSKI and LEAVY, Circuit Judges.
 
 
 6
 Opinion by Judge KOZINSKI; Concurrence by Judge FLETCHER.
 
 
 7
 KOZINSKI, Circuit Judge.
 
 
 8
 We determine whether the government charged these criminal defendants in the right place at the right time.
 
 
 9
 * Ronald R. Jensen and Frederick Carl Peterson were jointly charged with two counts of sending the Arctic Enterprise, a fish processing ship,[1] to sea in an unseaworthy condition, 46 U.S.C. § 10908. Jay Clifford was separately charged with one count of violating the same provision with respect to the Aleutian Enterprise, another fish processing ship. Defendants moved to dismiss the first count of the Jensen/Peterson indictment and the only count of the Clifford indictment. They argued that venue in the Western District of Washington was improper because, at the time the crimes were alleged to have been committed, the vessels were either in Alaskan waters or on the high seas. To support their contention, defendants attached a marine accident report, a marine casualty report and two affidavits of a marine investigator who had examined the vessels' logbooks.
 
 
 10
 The government then moved to dismiss the indictments and substitute informations charging Jensen and Peterson with two counts, and Clifford with one count, of operating a vessel in a grossly negligent manner, 46 U.S.C. § 2302(b). The district court granted the government's request, but the parties agreed that defendants' motion to dismiss would be applicable to the new charges. The district court then dismissed the charges for improper venue, basing its decision on the evidence provided by defendants as to the location of the vessels.
 
 II
 
 11
 Because these appeals arise from defendants' pretrial motion to dismiss, see Fed.R.Crim.P. 12(b)(2), we must presume the truth of the allegations in the charging instruments. United States v. Caicedo, 47 F.3d 370, 371 (9th Cir.1995); United States v. Buckley, 689 F.2d 893, 897 (9th Cir.1982), cert. denied, 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983). In addition, "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." United States v. Mann, 517 F.2d 259, 267 (5th Cir.1975), cert. denied, 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97 (1976). "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence.... The Court should not consider evidence not appearing on the face of the indictment." United States v. Marra, 481 F.2d 1196, 1199-1200 (6th Cir.), cert. denied, 414 U.S. 1004, 94 S.Ct. 361, 38 L.Ed.2d 240 (1973).
 
 
 12
 The district court thus erred in considering the documentation provided by the defendants. By basing its decision on evidence that should only have been presented at trial, the district court in effect granted summary judgment for the defendants. This it may not do. United States v. Critzer, 951 F.2d 306, 307 (11th Cir.1992) (per curiam) ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of the evidence.").[2]
 
 
 13
 The facts alleged in the two informations, when taken as true, are sufficient to establish venue in the Western District of Washington. The Clifford information alleges that he committed the sole count "within the special maritime and territorial jurisdiction of the United States and upon the high seas." Clifford Information at 2. 18 U.S.C. § 3238 states:
 
 
 14
 The trial of all offenses begun or committed upon the high seas ... shall be in the district in which the offender ... is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender....
 
 
 15
 The Clifford information does not allege that he was ever arrested or brought into any district; it does allege that "[t]he last known residence of JAY CLIFFORD is within the Western District of Washington." Clifford Information at 1. Therefore, the information, on its face, is sufficient to establish venue in the Western District of Washington.
 
 
 16
 The Jensen/Peterson information alleges that they committed count one "within the Western District of Washington, and within the special maritime and territorial jurisdiction of the United States and upon the high seas." Jensen/Peterson Information at 2. The information also alleges that the last known residences of both men were within the Western District of Washington. The government therefore argues that venue is proper as to Jensen and Peterson, just as with Clifford, in the Western District of Washington under 18 U.S.C. § 3238. Defendants counter that section 3238 applies only when the crime is committed exclusively on the high seas and not in any district: Because the information alleges that the crime was committed on the high seas and within a district, section 3238 is inapplicable.
 
 
 17
 We do not reach this issue, as it makes no difference in this case. If section 3238 applies, then venue in the Western District of Washington is proper as the place of Jensen's and Peterson's last known residences. If section 3238 is not applicable, venue is still proper as the place where the crime was committed. See U.S. Const. art. III, § 2, cl. 3 ("The Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed...."); Fed.R.Crim.P. 18 ("[T]he prosecution shall be had in a district in which the offense was committed."); cf. 18 U.S.C. § 3237 (offenses begun in one district and completed in another).
 
 
 18
 REVERSED and REMANDED.
 
 FLETCHER, Circuit Judge, concurring:
 
 19
 I concur in the result, but on different grounds. The majority concludes that the district court erred in considering the documentation provided by the defendants in support of their pretrial motions to dismiss. I respectfully disagree. There is no prohibition against the consideration of extrinsic evidence for purposes of a Rule 12(b) motion to dismiss. Rule 12(b) "permits factual hearings prior to trial if necessary to resolve issues of fact peculiar to the motion." United States v. Covington, 395 U.S. 57, 60, 89 S.Ct. 1559, 1561, 23 L.Ed.2d 94 (1969). "[A] district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir.1986) (quoting United States v. Jones, 542 F.2d 661, 664 (6th Cir.1976) (footnote omitted)), cert. denied, 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986). "The District Court [is] not limited to the facts of the indictment in ruling on the motion to dismiss." Jones, 542 F.2d at 665.
 
 
 20
 This may explain why the government has never itself argued that the district court erred in considering extrinsic evidence for purposes of the defendants' motion to dismiss. In fact, the government agrees with the defendants that the offenses charged took place partly in Alaska and approaches the defendants' motion on that basis. See, e.g., Appellant's Opening Brief at 7-8 ("[I]t is undisputed that during the time period identified ... this vessel was operated ... within three miles of land in the District of Alaska, and upon the high seas.").
 
 
 21
 Consideration of the defendants' evidence does no damage to the principle that we presume the truth of the allegations in the charging instruments. The defendants were charged in the Western District of Washington, their last known residence, with operating a vessel in a grossly negligent manner upon the high seas. Venue was predicated on 18 U.S.C. § 3238, which permits venue in the defendants' last known residence for offenses "begun or committed" upon the high seas or elsewhere outside the jurisdiction of a state or district. For purposes of their motion to dismiss, the defendants do not seek to counter the informations' factual allegations that they negligently operated a vessel upon the high seas. Rather, accepting the truth of these allegations, the defendants contend that venue is nonetheless improper because, as the undisputed evidence shows and the government concedes, the ships also sailed in Alaskan waters during the time period charged.
 
 
 22
 Rule 12(b) provides that "[a]ny defense or objection which is capable of determination without the trial of the general issue may be raised before trial by motion." Fed.R.Crim.P. 12(b). "A defense is thus 'capable of determination' if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." Covington, 395 U.S. at 60, 89 S.Ct. at 1561. The defendants' motion to dismiss is premised on the argument that, as a matter of law, venue may not be founded upon § 3238 where the alleged offense involved any activity in the United States, even if the offense also took place partly upon the high seas. The issue presented is legal and can be resolved without interfering with the jury's fact finding role. See Shortt Accountancy Corp., 785 F.2d at 1452. Accordingly, I would reach the merits of the motion. Cf. United States v. Levin, 973 F.2d 463, 469-70 (6th Cir.1992) (affirming district court's pretrial dismissal of the indictment where "the undisputed extrinsic evidence" showed that the defendants could not, as a matter of law, have formulated the necessary criminal intent); Jones, 542 F.2d at 665 (upholding district court's pretrial dismissal of indictment because "[t]he facts surrounding the alleged offense were virtually undisputed and trial of the substantive charges would not substantially assist the Court in deciding the legal issue raised by the motion to dismiss the indictment."). Otherwise, the same issue-with the same evidence-will be raised at trial, the defendants will again move to dismiss for improper venue, the district court will again rule on the motion, and the issue will be back before this court.
 
 
 23
 Although the issue is not free from doubt, I would hold that 18 U.S.C. § 3238 is applicable despite the vessels' traveling in Alaskan waters. 18 U.S.C. § 3238 provides that "[t]he trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district ... may be filed in the district of the last known residence of the offender...." That the defendants also operated their vessels within the District of Alaska does not remove section 3238's applicability-the alleged offense was still "begun or committed" upon the high seas during the period charged. Cf. 8A James A. Moore, et al., Moore's Federal Practice p 18.06 (2d ed.1995) (noting that some courts have applied section 3238 to "cover offenses which are begun or done partly outside any district or on the high seas, but are completed or have their intended effects within the United States"); 18 U.S.C. § 3237(a) (providing that offenses committed in more than one district may be prosecuted "in any district in which such offense was begun, continued or completed"); United States v. Williams, 589 F.2d 210, 213 (5th Cir.1979), adopted in pertinent part, 617 F.2d 1063, 1071 (1980) (en banc); United States v. Levy Auto Parts, 787 F.2d 946, 950-52 (4th Cir.), cert. denied, 479 U.S. 828, 107 S.Ct. 108, 93 L.Ed.2d 56 (1986). If the government is able to prove at trial that the defendants negligently operated the vessels upon the high seas during the time period charged, despite the fact that they also operated the vessels within the District of Alaska during that time, venue in the Western District of Washington will properly lie under section 3238. Thus, the district court erred in granting the defendants' motion to dismiss.
 
 
 
 [1]
 This type of vessel--essentially a floating fish processing plant--may employ 100 or more workers
 
 
 [2]
 While venue is not technically an element of the crime, it must still be proved by the government at trial. United States v. Kaytso, 868 F.2d 1020, 1021 (9th Cir.1989). We express no view as to the proper disposition of a motion for acquittal for lack of venue, should one be made after the close of the government's case-in-chief. See United States v. Ochoa-Torres, 626 F.2d 689, 691-92 (9th Cir.1980) (explaining standards for motion of acquittal for lack of venue); cf. United States v. Durades, 607 F.2d 818, 819-20 (9th Cir.1979) (reversing conviction because of variance between evidence and indictment that made venue improper)