**UNITED STATES of America, Plaintiff,**

v.

**Chen BIAO, et al., Defendants.**

**No. 98–CR–2812.**

United States District Court, S.D. California.

May 18, 1999.

---

Steven F. Hubachek (argued), Julie A. Blair, Federal Defenders of San Diego, Inc., San Diego, California, Robert L. Swain, San Diego, California, for defendants.

Charles G. LaBella, United States Attorney, John H. Gomez (argued), Jonah H. Goldstein (argued), Assistant United States Attorneys, Office of the United States Attorney, San Diego, California, for plaintiff.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF VENUE

MOSKOWITZ, District Judge.

The defendants move to dismiss the superseding indictment for lack of venue. The venue statute at issue, 18 U.S.C. § 3238, governs venue for federal offenses committed on the high seas. Two questions are presented: (1) whether the defendants waived their challenge by failing to raise it until the close of the Government's case; and (2) whether the filing of the original indictment before the defendants were brought to this district for prosecution precludes venue in this district under the circumstances of this case. For the reasons set forth below, the Court holds that the motion is timely, but fails on the merits. Accordingly, the motion is DENIED.

### I. Background

On or around August 27, 1998, the Coast Guard stopped and detained a fishing boat called the *Chih Yung* in international waters, approximately 100 miles off the coast of Baja California, Mexico and approximately 100–150 miles from San Diego. The *Chih Yung* was detained and searched with the consent of the captain. The Coast Guard officers discovered over 150 Chinese passengers, most of whom were hidden from view below deck in a fish hold, as well as other people above deck who appeared to be part of the crew. The *Chih Yung* was detained on the high seas for several weeks as federal authorities explored alternatives for resolving the situation short of bringing the *Chih Yung* to the United States.

Meanwhile, the Government quickly initiated a criminal investigation of the ap-

parent smuggling enterprise. This culminated in the indictment of the defendants by a federal grand jury in this district on September 15, 1998. The defendants were charged with unlawfully bringing or attempting to bring aliens to the United States and aiding and abetting such offenses. 8 U.S.C. §§ 1324(a)(1)(A)(i) & (a)(1)(A)(v)(II). The Government alleges that the defendants, all of whom were on the ship when it was stopped on the high seas, were involved in the smuggling operation. The ship and the defendants were brought into San Diego on September 18, 1998, about 72 hours after the indictment was returned. On January 29, 1999, a superseding indictment was filed adding charges of attempting to bring aliens to the United States for commercial advantage and private financial gain, 8 U.S.C. § 1324(a)(2)(B)(ii), and also adding charges of conspiracy. The original indictment was recently dismissed in its entirety.[1] The case went to trial on March 9, 1999. Just before the close of the Government's evidence, the defendants filed this motion challenging the propriety of venue in this district.

## II. Procedural Default

■ The Government contends that the defendants waived any attack on venue by not raising it before trial. As a general matter, a motion to dismiss for lack of venue may be brought before the close of the Government's case, as occurred here. *Hanson v. United States,* 285 F.2d 27, 28 (9th Cir.1960). However, where the indictment is defective on its face, any objection is waived if not raised before trial. *Id.; United States v. Marsh,* 144 F.3d 1229, 1242 (9th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 428, 142 L.Ed.2d 348 (1998); *United States v. Douglas,* 996 F.Supp. 969, 974 (N.D.Cal.), *appeal dismissed,* 161 F.3d 15, 1998 WL 551985 (9th Cir.1998) (unpublished table decision). In the case of a pretrial objection to venue, the indict-

ment's allegations must be taken as true and extrinsic evidence cannot be considered. *United States v. Jensen,* 93 F.3d 667, 669 (9th Cir.1996); *United States v. Mendoza,* 108 F.3d 1155, 1156 (9th Cir.) (following *Jensen* ), *cert. denied,* —— U.S. ——, 118 S.Ct. 351, 139 L.Ed.2d 272 (1997).

■ Here, the indictment does not affirmatively allege a basis for venue in this district. Nor are there allegations that are inconsistent with venue in this district. For example, as to the conspiracy counts added in the superseding indictment, venue theoretically could be based on an overt act committed in this district by an unindicted coconspirator. This was not ascertainable from the face of the indictment. Therefore, the Court agrees with the defendants that this is a case in which venue was not pleaded at all. The question, then, is whether this omission is a defect on the face of the indictment for purposes of raising the issue pretrial under pain of waiver. The Court holds that the defendants have not waived their challenge. A pretrial motion to dismiss for lack of venue would have been denied, because an indictment does not have to plead a basis for venue. Fed.R.Crim.P. 7(c); *Carbo v. United States,* 314 F.2d 718, 733 (9th Cir.1963) (construing Rule 7(c)).[2]

To be sure, there is something to the Government's position that the defendants knew from the outset of their ability to raise venue as a possible issue—due to, among other things, the detention of the *Chih Yung* on the high seas. Nonetheless, under *Jensen,* extrinsic evidence cannot be considered in resolving a pretrial motion challenging venue. The inquiry is limited to the adequacy of the pleading. Since there was no pleading flaw here, the defendants' motion is timely. *Cf. Douglas,* 996 F.Supp. at 974–75 (extrinsic evidence suggested that defendant knew "early on" of

---

**1.** Unless otherwise noted, "indictment" refers to the superseding indictment.

**2.** The decisions cited by the Government in urging a contrary view are not helpful. All

involved a proper allegation of venue, rather than the situation here in which venue allegations were not made.

possible venue problems, but, under *Jensen,* he did not waive challenge because indictment was facially valid).[3]

### III. Application of 18 U.S.C. § 3238

 The relevant venue statute provides as follows:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia.

18 U.S.C. § 3238.[4] The Southern District of California would appear undisputedly to meet the requirements of the first clause because the defendants were "first brought" to this district. The defendants contend that the issue is not so simple, however. Noting that the original indictment was filed before they were brought to this district, the defendants submit that (1) the "first brought" provision—the language before the semicolon—does not apply, and (2) they may therefore be tried only in the District of Columbia or the Central District of California, where former codefendant Ho Ming Hui last resided in 1988.

### A. *"Last known residence"*

As a preliminary matter, the Court disagrees with the defendants that venue

would lie in the Central District of California because of former codefendant Ho's distant connection to that district.

 At oral argument, the parties debated the proper definition of "last known residence," as that phrase is used in the second clause of § 3238. As discussed further below, the "last known residence" basis for venue was enacted to enable the Government to preserve its ability to prosecute an offender who is outside the United States. The defendants maintain that "last known residence" refers to last place of residence in the United States, irrespective of when the offender last lived there. The problem with this interpretation is that some nexus beyond any connection to the particular district, at any time, is required. "Last known residence" is "predicated on consistent, albeit somewhat transient, contact with an American 'home base.'"[5] There is a point when the connection between the offender and the district of last known residence becomes too attenuated to support venue in that district. No one would contend, for example, that a 30–year–old offender who was born and lived briefly in the Southern District of California, but moved permanently to Canada at the age of three, would be subject to venue in this district under the "last known residence" provision. Accordingly, even if former codefendant Ho's last known American residence was in the Central District of California, ten years ago, this would not support venue in that district because he no longer was known to reside there and his last known residence, at this point, is Taiwan.

---

**3.** The soundness of the *Jensen* rule has been debated. The concurrence in *Jensen* argued that extrinsic evidence should be considered in resolving a pretrial motion to dismiss, which would allow the (possibly dispositive) venue issue to be decided on its merits at an earlier stage of the proceedings. *See Jensen,* 93 F.3d at 670–71 (Fletcher, J., concurring).

**4.** Interpretation of this statute is a question of law for the Court. *United States v. Layton,* 855 F.2d 1388, 1410 (9th Cir.1988).

**5.** Allan L. Schwartz, Annotation, *Construction and Application of 18 USCS § 3238 Relating to Venue in Cases of Federal Criminal Offenses Committed Outside Jurisdiction of Any State or District,* 24 A.L.R.Fed. 365, 373 (1975) (discussing *United States v. Ross,* 439 F.2d 1355, 1358–59 (9th Cir.1971), where the defendant admitted to living "off and on for years" in the district where he was prosecuted).

### B. Case law construing 18 U.S.C. § 3238

The defendants assert that a prior-filed indictment renders the "first brought" clause of § 3238 a nullity. For this proposition, the defendants rely on two Ninth Circuit decisions construing § 3238, *United States v. Layton*, 855 F.2d 1388 (9th Cir.1988) and *United States v. Hilger*, 867 F.2d 566 (9th Cir.1989). The defendants' challenge requires careful review of this decisional law.

In *Layton*, an indictment was filed in the district of the offender's last known residence (the Northern District of California) before the offender entered the United States. Subsequently, the offender was "first brought" to a different district (the Eastern District of New York). *Layton*, 855 F.2d at 1410. He was then taken to California and tried and convicted on the indictment that had been filed in the Northern District of California. The contention on appeal was that he should have been tried in the Eastern District of New York because he was "first brought" to that district. *Id.* Turning back that argument, the Ninth Circuit held that when an indictment is filed in the district of the offender's last known residence, and the offender is subsequently "first brought" to a different district, venue lies in the former district. *Id.* at 1410–11. The defendants focus on the following language from *Layton:* "[T]rial is proper in the district where the offender is first brought, or in the district of his last known residence if an indictment is filed there before the offender is first brought into any district." *Id.* (italics deleted). According to the defendants, *Layton* means that a prior-filed indictment precludes prosecution in this district.

The Court reads *Layton* more narrowly. In that case, the Ninth Circuit emphasized

legislative intent to permit an indictment to be filed in the district of the offender's last known residence if he had not yet been arrested. This enables the Government to avoid, among other things, problems with statutes of limitations if the offender was out of the country (as was the case in *Layton*). *Id.* at 1410. *Layton* held that indictment and trial in the district of the defendant's last known address is proper even if the defendant is subsequently brought to the United States in another district. Under those circumstances, the trigger is the filing of an indictment in the district of last known residence, not just in any district: "[T]rial is proper in the district [of] . . . last known residence if an indictment is filed *there* before the offender is first brought into any district." *Id.* at 1410–11 (emphasis added). Because the defendants are all from China or Taiwan, *Layton* does not control the result in this case.

■■ Indeed, the conclusion that the "first brought" clause of § 3238 supports venue here is consistent with other points stressed in *Layton.* For example, the Ninth Circuit noted that § 3238, as originally enacted, focused on establishing an "arbitrary rule of venue for offenses committed outside of the United States." *Id.* at 1410. Venue in the Southern District of California in this case is consistent with that intent. In holding that venue was proper in the district of last known residence, *Layton* observed that moving the prosecution from California to New York after it had begun "would impose needless expense and inconvenience on the government, and* much duplication of labor on the part of prosecuting attorneys, without any increase in convenience to the defendant." *Id.* at 1411. The same would result here if venue were to lie only in the District of Columbia.[6]

---

6. The defendants' proposed interpretation of § 3238 has another undesirable byproduct. It could deter the Government from seeking an indictment before bringing a suspect detained on the high seas to a particular judicial district for prosecution. While the Government presumably would not haul a suspect into court without a good faith belief that probable cause exists, a probable-cause determination should be encouraged, not discouraged, before a suspect's liberty is interrupted

In urging dismissal, the defendants place more weight on *Hilger*. In that case, the Ninth Circuit held that the first clause of § 3238 could not support venue where an indictment had been filed before the offender was brought into that district (the Northern District of California). However, *Hilger* reached that conclusion under different circumstances. The "first brought" basis for venue did not apply because Hilger resided in Massachusetts and made his way to the Northern District in response to a summons compelling his appearance. *Hilger*, 867 F.2d at 567–68. While the Ninth Circuit in *Hilger* did hold that where an indictment is returned before the defendant is arrested or brought into the district in custody, venue is not proper in that district, it did so where the indictment was returned in the Northern District of California, almost one and a half years after the alleged offense. As noted, the defendant resided in the District of Massachusetts and was summoned to appear on the charge. Here, by contrast, the Government intercepted and seized the defendants and, after a period of at most two and a half weeks, decided to bring them to this district. The original indictment was returned on September 15, 1998 and the defendants were brought here in custody about 72 hours later. Thus, the Government was, in effect, in the process of bringing the defendants to this district at the time of the original indictment.

The return of the original indictment, and the act of bringing the defendants to this district, were interrelated events that for all practical purposes occurred at about the same time. This distinguishes this case from *Hilger*. To suggest that the Government had to wait until the *Chih Yung* entered the three-mile limit off of San Diego to return the indictment does not effect the purpose of § 3238. *Hilger* involved completely different facts and does not preclude venue in this district.

As a further matter, the Court respectfully notes that the *Hilger* court, in appar-ently expanding *Layton*, inadvertently relied on a misquotation from *Layton*. To reiterate, *Layton* set forth the following rule: "[T]rial is proper in the district [of] ... last known residence if an indictment is filed *there* before the offender is first brought into any district." *Layton*, 855 F.2d at 1410–11 (emphasis added). The lynchpin of *Layton* is a district of last known residence in which an indictment is filed. *Hilger*, however, quoted from *Layton* by inadvertently leaving out the word "there" emphasized above: "[T]rial is proper in the district [of] ... last known residence if an indictment is filed before the offender is first brought into any district." *Hilger*, 867 F.2d at 568. The correct quote from *Layton* had the word "there" between "filed" and "before." This Court of course is bound by *Hilger* whatever its foundation. For the reasons explained, the Court concludes that *Hilger* does not require dismissal of the indictment for lack of venue. More broadly, the defendants have not cited any Ninth Circuit authority, and the Court is aware of none, mandating dismissal under the facts presented here.

The conclusion that venue is proper in this case is also consistent with the Fifth Circuit's decision in *United States v. McRary*, 616 F.2d 181 (5th Cir.1980). There, the defendant was arrested in the Southern District of Florida on a warrant issued pursuant to an outstanding indictment. He conceded that, due to the place of his arrest, the first clause of § 3238 supported venue in that district. *Id.* at 185. Like the defendants here, he nonetheless asserted that "the outstanding indictment by a Southern District grand jury, which supported his arrest upon his return to this country, was invalid under the subsequent portion of [§ ] 3238." *Id.* The Fifth Circuit brushed aside this contention, reasoning that the second clause of § 3238 was simply a permissive, alternative basis for establishing venue. *Id.*

by custody on the high seas and international travel to a judicial district for prosecution.

In sum, the Government obtained an indictment in this district in anticipation of bringing the defendants to this district for prosecution, as it was the nearest port to the point of arrest on the high seas. The fact that the Government obtained an indictment about three days before bringing the defendants to this district does not prevent venue from existing in this district. In enacting § 3238, Congress must have foreseen that violations of immigration law that are committed on the high seas could involve offenders who have no district of last known residence. The first clause of § 3238 speaks particularly to where these offenders can be tried. Even if they "may" be tried in the District of Columbia, they do not have to be tried there. If the defendants' argument were correct, then any determination of probable cause by indictment or complaint would have to be made in the District of Columbia notwithstanding that here, the defendants were but 100–150 miles from San Diego. In light of where the *Chih Yung* was detained, and the Government's clear intent to bring the defendants to this district, it is entirely sensible, and consistent with § 3238, to prosecute the defendants in this district.

### C. *Effect of the superseding indictment*

■ Finally, there is an independent ground upon which to deny this motion. The Government submits that *Layton* and *Hilger* are irrelevant because the original indictment has been dismissed in its entirety. The current charges are set forth in the superseding indictment, which was filed after the defendants were brought to this district. Ho Ming Hui is not a codefendant in the superseding indictment. Of course, as a general proposition, nothing would have precluded the Government from dismissing the original indictment and refiling the same charges in a new indictment. As the Government observes, charges may be refiled even if they are dismissed for lack of venue at the close of the Government's case at trial. *United States v. Kaytso,* 868 F.2d 1020 (9th Cir. 1988). Instead of filing a new indictment

opening a new prosecution here—which presumably would have cut off any argument under *Layton* or *Hilger*—the Government superseded. It would elevate form over substance to hold that dismissal for lack of venue hinges on the fortuity of this procedural mode. At the end of its case in chief, the Government dismissed all of the charges in the indictment that were contained in the original indictment. Furthermore, the only charges remaining (Counts 1, 2, 4, 6, 7, 8, 9, and 10) were not part of the original indictment. They were filed *after* the defendants were first brought to this district and no codefendant in those charges ever resided in the United States. Accordingly, even if *Layton* and *Hilger* are assumed otherwise to mandate dismissal of the original indictment, the Court holds that the new charges in the superseding indictment, which are the only charges remaining, have removed the predicate on which *Layton* and *Hilger* necessarily depend—an indictment that is filed before the offender is brought to the district for prosecution.

### IV. Conclusion and Order

For the reasons set forth above, defendants' motion to dismiss the indictment for lack of venue is DENIED.

**IT IS SO ORDERED.**