

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10104 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00208-SAB-1 |
| v. | |
| BARRY HALAJIAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Stanley Allen Bastian, District Judge, Presiding

Submitted December 16, 2016**
San Francisco, California

Before: O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

Barry Stuart Halajian appeals his conviction under 18 U.S.C. § 1521 for

filing two false liens against federal officials. We affirm the district court's order

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

refusing to dismiss the government's indictment, and we affirm Halajian's conviction.

## I

The district court did not err when it refused to dismiss the indictment in its October 26, 2015 order.

The district court properly found that the indictment was sufficient on its face. The indictment tracked the language of the charged offense and unambiguously set forth the elements necessary to convict Halajian under Section 1521. Therefore, it informed Halajian of the allegations against him and enabled him to plead double jeopardy in future prosecutions. *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003). Indictments that are facially sufficient cannot be dismissed based on allegations that the government lacks the evidence to prove a conviction. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).

Similarly, we reject Halajian's claim that the government improperly brought the indictment. Insofar as Halajian's challenge amounts to an assertion that the government lacked evidence when it decided to prosecute him, the district court properly refused to make a mini-trial out of a motion to dismiss under Federal Rule of Criminal Procedure 12. *United States v. Kennedy*, 564 F.2d 1329, 1338 (9th Cir. 1977).

Halajian's Fifth and First Amendment arguments simply lack merit. Regarding his Fifth Amendment challenge, Halajian has not established that the government's indictment rested on flagrant misconduct such as perjured testimony. *See United States v. Basurto*, 497 F.2d 781, 785 (9th Cir. 1974). Halajian's First Amendment argument likewise fails. Halajian has pointed to no evidence suggesting politically motivated prosecution. And financial extortion is not protected by the First Amendment. *See United States v. Hutson*, 843 F.2d 1232, 1235 (9th Cir. 1988).

The district court properly denied Halajian's motion to dismiss the indictment.

II

We review the district court's judgment that Halajian twice violated Section 1521 deferentially, asking only whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Stanton*, 501 F.3d 1093, 1099 (9th Cir. 2007) (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The district court, reviewing the evidence, observed that Halajian filed two liens against federal bankruptcy judges. The court found that virtually every representation made on the liens–the listed creditor, the listed debtors, and the

3

disputed collateral–was false. The record also shows that Halajian filed a notice, in the bankruptcy court, informing the judges that he had filed perfected liens against them. Such notice was accompanied by a demand that the bankruptcy court take additional actions in Halajian's case.

Halajian argues that he cannot be guilty of violating Section 1521 because the disputed collateral was not real. But this court has already determined that defendants cannot fend off a conviction under Section 1521 by challenging the validity of a false lien. *United States v. Neal*, 776 F.3d 645, 653 (9th Cir. 2015). Halajians's "focus on collateral is misplaced, because the collateral he listed in his Lien Document is not relevant to whether he violated the statute." *Id*. at 654.

The judgment of the district court is therefore

**AFFIRMED.**