NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30140 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-00004-BMM-1 |
| v. | |
| EDWARD ANTHONY TORRES, AKA Anthony Pac, AKA Eddie Durate, AKA Eddie Torres, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted June 4, 2019[**]
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and STATON,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Josephine L. Staton, United States District Judge for the Central District of California, sitting by designation.

Edward Torres stabbed F.P. multiple times during a fight on the Blackfeet Indian Reservation in Montana. A grand jury indicted Torres for one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1152 and 113(a)(6). Section 1152 extends the "general laws of the United States" to "Indian country," but excepts crimes committed by one Indian against another Indian. The Supreme Court has further excluded from federal jurisdiction crimes committed by a non-Indian against a non-Indian. *United States v. McBratney*, 104 U.S. 621, 624 (1881). "In sum, when *McBratney* is read together with the exception in § 1152, the general laws of the United States extend to Indian country under § 1152 only when an Indian perpetrator commits a crime against a non-Indian victim, or a non-Indian perpetrator commits a crime against an Indian victim." *United States v. Reza-Ramos*, 816 F.3d 1110, 1120 (9th Cir. 2016).

Torres moved to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(2), arguing the district court lacked subject matter jurisdiction because neither he nor F.P. is an Indian person. The district court denied the motion and the case proceeded to trial. At the close of the government's case-in-chief, Torres moved for judgment of acquittal pursuant to Rule 29 because, Torres argued, the government failed to provide sufficient evidence proving that F.P. is an Indian person under § 1152. The district court denied the motion. Torres renewed

his motion after the close of his case-in-chief, which the district court again denied. The jury convicted Torres of assault resulting in serious bodily injury.

Subject matter jurisdiction is generally a matter of law to be decided by the judge. *United States v. Gomez*, 87 F.3d 1093, 1096 (9th Cir. 1996). However, when the issue of jurisdiction is "intermeshed with questions going to the merits, the issue should be determined at trial" by a jury. *United States v. Nukida*, 8 F.3d 665, 670 (9th Cir. 1993) (citation omitted). This is especially true when "the jurisdictional requirement is also a substantive element of the offense charged." *Id*. (citation omitted).

Torres was charged under 18 U.S.C. § 113(a)(6), which requires as an element of the offense that the assault occur within the "jurisdiction of the United States." To prove the jurisdictional element, the government needed to establish that the assault was committed by a non-Indian against an Indian. *See* 18 U.S.C. § 1152; *Reza-Ramos*, 816 F.3d at 1119-21. The district court did not err by allowing the ultimate issue of F.P.'s Indian status to be decided by the jury. *See Gomez*, 87 F.3d at 1096-97; *Nukida*, 8 F.3d at 669-70. The district court appropriately "presume[d] the truth of the allegations in the charging instruments" that F.P was "an Indian person" in denying the Rule 12 motion, *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996), while preserving Torres' Sixth Amendment right to a jury trial on the elements of the offense.

3

We review *de novo* the district court's denial of a motion to acquit under Federal Rule of Criminal Procedure 29. *United States v. Sandoval-Gonzalez*, 642 F.3d 717, 727 (9th Cir. 2011). "We must determine 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id*. (quoting *United States v. Mosley*, 465 F.3d 412, 415 (9th Cir. 2006)).

Torres argues that insufficient evidence existed after the government's case-in-chief to determine F.P. was an Indian. Indian status is determined by a multi-factor test: specifically, that a degree of Indian blood exists and that various factors—tribal enrollment; government recognition formally and informally through receipt of assistance reserved only to Indians; enjoyment of benefits of tribal affiliation; social recognition as an Indian through residence on a reservation and participation in Indian social life—indicate tribal or government recognition as an Indian. *United States v. Bruce*, 394 F.3d 1215, 1223-24 (9th Cir. 2005). The government presented sufficient evidence to show that F.P. is an Indian person under this test. *See id*. at 1225-27; *see also United States v. LaBuff*, 658 F.3d 873, 877-79 (9th Cir. 2011); *Reza-Ramos*, 816 F.3d at 1121-22.

**AFFIRMED**.

4