# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-3448

———————————————

United States of America,

*Plaintiff - Appellee*,

v.

Temne Adah Hardaway,

*Defendant - Appellant*.

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: January 15, 2021
Filed: June 7, 2021

——————————

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.

——————————

COLLOTON, Circuit Judge.

Temne Hardaway appeals after she entered a conditional guilty plea to a charge of conspiracy to commit money laundering. She challenges an order of the district

court[1] denying her motion to dismiss the indictment for lack of venue or to transfer venue to another judicial district. We conclude that there was no error in the ruling and affirm the judgment.

Law enforcement agents discovered Hardaway's identity while investigating a drug trafficking conspiracy in St. Louis. The Drug Enforcement Administration learned that Gerald Hunter regularly transported cocaine and fentanyl from Los Angeles to St. Louis. Hunter fled when agents in Missouri attempted to apprehend him. During a subsequent investigation into Hunter's whereabouts, agents discovered that Hardaway used proceeds from Hunter's drug trafficking in Missouri to purchase a home in Los Angeles.

A grand jury in the Eastern District of Missouri charged Hardaway with one count of conspiracy to commit money laundering. *See* 18 U.S.C. § 1956(a)(1)(B)(i), (h). Hardaway moved to dismiss the indictment for lack of venue. Hardaway asserted that the "only money laundering event" that the government alleged against her was the purchase of the residence in Los Angeles—a transaction that occurred entirely in California. On that basis, Hardaway maintained that venue was improper in the Eastern District of Missouri and that the indictment should be dismissed. Alternatively, Hardaway sought a change of venue to the Central District of California. The district court denied the motion, and Hardaway entered a conditional guilty plea that reserved the right to appeal the court's ruling on her motion. The court sentenced Hardaway to 18 months' imprisonment.

On appeal, Hardaway renews her contention that venue is improper in the Eastern District of Missouri. The Constitution provides that an accused enjoys the

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Patricia L. Cohen, United States Magistrate Judge for the Eastern District of Missouri.

right to a trial by jury in the State and district where the crime was committed.  U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI.  The federal rules of criminal procedure likewise direct that "the government must prosecute an offense in a district where the offense was committed."  Fed. R. Crim. P. 18.

Hardaway maintains that venue is improper in Eastern Missouri because the government's only evidence connecting her to the money laundering conspiracy is a financial transaction from California.  When a defendant moves to dismiss for lack of venue, however, the court must presume the truth of the allegations in the indictment and consider whether venue is proper based on those allegations.  *See Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952); *United States v. Engle*, 676 F.3d 405, 415-16 (4th Cir. 2012); *United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).  "An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956) (footnote omitted).  To go beyond the face of the indictment, and challenge the sufficiency of the government's evidence on venue, Hardaway was required to proceed to trial and put the government to its burden of proof.

The indictment on its face supports venue in the Eastern District of Missouri.  Count 4 charges that Hardaway and Hunter "did knowingly combine, conspire, and agree with each other" to commit money laundering in "the Eastern District of Missouri, the Central District of California, and elsewhere." The indictment need not detail specific acts that support the charge, and Count 4 does not do so.  Taking the allegations in the indictment as true, there was venue in the Eastern District of

Missouri to try the allegation that Hardaway conspired to commit money laundering in "the Eastern District of Missouri" and elsewhere.[2]

Hardaway contends alternatively that the district court should have transferred venue to the Central District of California. A district court "may" transfer a proceeding against a defendant to another district "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b). In evaluating the district court's exercise of discretion, we consider a number of factors, including the "location of events likely to be in issue," "location of possible witnesses," "location of documents and records likely to be involved," "expense to the parties," and "location of counsel." *United States v. McGregor*, 503 F.2d 1167, 1170 (8th Cir. 1974) (quoting *Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 244 (1964)).

Hardaway contends that the relevant factors all favor transfer. The district court correctly observed, however, that the investigation into the drug proceeds was conducted in St. Louis, the relevant documents were in St. Louis, witness expenses for Hardaway's defense would be paid by the government, and Hardaway's counsel was in St. Louis. Hardaway may reside in the Central District of California, but the location of a defendant's home "has no independent significance" in the venue analysis. *Platt*, 376 U.S. at 245. The district court considered the proper factors and

---

[2]Even going beyond the face of the indictment, Hardaway's admissions demonstrate that venue was proper. Hardaway acknowledged in her plea agreement that the "source of the proceeds" to purchase the residence in Los Angeles "came from the distribution of fentanyl in the Eastern District of Missouri." Venue for conspiracy to commit money laundering is proper "in any . . . district where an act in furtherance of the . . . conspiracy took place." 18 U.S.C. § 1956(i)(2). The act need not be an element of the conspiracy offense. *Whitfield v. United States*, 543 U.S. 209, 218 (2005). Hunter's sales of controlled substances in the Eastern District of Missouri furthered the money laundering conspiracy by generating funds that Hardaway used to purchase the home in Los Angeles.

-4-

articulated a sound basis for declining to transfer venue.  There was no abuse of discretion.

The judgment of the district court is affirmed.

_____