**UNITED STATES of America, Respondent-Appellee,**

v.

**Anthony T. SANTOS, Vincente M. Santos, Anthony Calvo Cepeda, Juan Q. Salas, Tito Naputi, and Pedro Q. Salas, Movants-Appellants.**

No. 79–2593.

United States Court of Appeals, Ninth Circuit.

June 26, 1980.

Rehearing Denied Aug. 1, 1980.

Howard Trapp, Trapp, Gayle, Teker, Lacy, Moore & Layne, Agana, Guam, for movants-appellants.

Dennis J. Dimsey, Civil Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before MERRILL, DUNIWAY and TANG, Circuit Judges.

PER CURIAM:

Appellants were convicted of depriving certain inhabitants of the Territory of Guam of their civil rights. The judgment was affirmed on appeal to this court. *United States v. Santos*, 588 F.2d 1300 (9th Cir. 1979). Appellants then brought this action under 28 U.S.C. § 2255, seeking to have their sentences vacated on the ground that the District Court of Guam was without jurisdiction to entertain the criminal complaints against them. The question presented is whether jurisdiction to hear criminal cases involving violations of federal law has by statute been conferred on the District Court of Guam.

As originally enacted in 1950, 48 U.S.C. § 1424(a) provided:

"The District Court of Guam shall have, in all causes arising under the laws of the United States, the jurisdiction of a district court of the United States as such court is defined in section 451 of Title 28 * * *."

Courts so defined have exclusive jurisdiction over all criminal offenses against the laws of the United States. Thus, as originally enacted § 1424(a) conferred criminal jurisdiction on the District Court of Guam.

In 1958, the section was amended to read in part:

"The District Court of Guam shall have the jurisdiction of a district court of the United States in all causes arising under the Constitution, treaties and laws of the United States, *regardless of the sum or value of the matter in controversy* * * *." (Emphasis supplied).

Legislative history indicates that the emphasized portion was added for the reason that it was felt that the omission of that portion from the statute as originally enacted inadvertently limited the civil jurisdiction of the court, contrary to legislative intent. S.Rep.No. 1582 at 7.

Appellants contend that since such language can have reference only to civil matters, the section should be construed as conferring only civil jurisdiction. By such a construction we would be attributing to Congress an intent not only to correct an inadvertent omission respecting civil jurisdiction but to also strip the court of its previously existing criminal jurisdiction. Had Congress intended such an extraordinary result we would expect it to speak much more clearly. The fact that one clause of the section has reference to civil matters does not compel such a construction and we reject it.

Appellants next contend that under 18 U.S.C. § 3238,[1] jurisdiction over cases involving criminal offenses arising in Guam lies with the District Court of the District of Columbia, since Congress has not specifically designated Guam as a judicial district in chapter 5 of Title 28.

■ As we have already noted, 48 U.S.C. § 1424(a) creates a District Court of Guam and confers criminal jurisdiction upon it. Section 3238 is concerned solely with venue. We here hold that since the Guam District Court possesses jurisdiction over offenses committed in Guam, the offense with which we are here concerned was not "committed * * * out of the jurisdiction of any particular * * * district * * *" within the meaning of § 3238.

Judgment affirmed.

1. "§ 3238. *Offenses not committed in any district*

The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia."