**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Antonio MENDOZA; Gloria Mendoza;
Amalia Mendoza, Defendants–
Appellees.**

**No. 95–30404.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 1997.

Decided March 11, 1997.

Kathleen A. Felton, United States Department of Justice, Washington, DC, for plaintiff-appellant.

Ralph Hurvitz, Seattle, WA, for defendant-appellee Antonio Mendoza.

Howard Ratner, Seattle, WA, for defendant-appellee Gloria Mendoza.

Allen R. Bentley, Bukey & Bentley, Seattle, WA, for defendant-appellee Amalia Mendoza.

Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.

RYMER, Circuit Judge.

The United States appeals from the dismissal for improper venue of two counts of

---

an indictment charging Antonio, Gloria, and Amalia Mendoza with aiding and abetting the possession of cocaine with intent to distribute in the Western District of Washington, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

The Mendozas argued that venue was improper in this district because the substantive offense so far as they were concerned was begun and completed in California, where on the government's theory they sold cocaine to James Chapman, who then transported it to Washington (Count 2), or to Neil McDonagh, who then transferred it to Chapman, in California, from where he carried it to Washington (Count 3). They made a number of arguments in support, having to do with whether they could have foreseen or intended that cocaine supplied in California would have ended up in Washington.

The district court resolved the Mendozas' motion before our decision in *United States v. Jensen*, 93 F.3d 667 (9th Cir.1996). *Jensen* holds that only the indictment may be considered in pretrial motions to dismiss for lack of venue, and that the allegations must be taken as true. *Id.* at 669. Here, the indictment charges that in July and September 1994:

> within the Western District of Washington, ANTONIO MENDOZA, GLORIA MENDOZA, and AMALIA MENDOZA knowingly and intentionally did possess and aid and abet the possession of, with intent to distribute, cocaine, a narcotic substance controlled under Schedule II, Title 21, United States Code, Section 812.

Assuming those facts to be true, venue properly lies in the Western District of Washington because the crime of drug possession with intent to distribute, or aiding and abetting such possession, occurs where the principal commits it. *United States v. Brantley*, 733 F.2d 1429, 1433–34 (11th Cir.1984), *cert. denied*, 470 U.S. 1006, 105 S.Ct. 1362, 84 L.Ed.2d 383 (1985); *United States v. Buckhanon*, 505 F.2d 1079, 1083 (8th Cir.1974); *United States v. Jackson*, 482 F.2d 1167, 1178–79 (10th Cir.1973), *cert. denied*, 414 U.S. 1159, 94 S.Ct. 918, 39 L.Ed.2d 111 (1974); *see United States v. Winship*, 724

F.2d 1116, 1125 (5th Cir.1984) (holding that aiding and abetting may be tried in the district where the principal commits the crime); *United States v. Kibler*, 667 F.2d 452, 455 (4th Cir.) (same), *cert. denied*, 456 U.S. 961, 102 S.Ct. 2037, 72 L.Ed.2d 485 (1982); *United States v. Kilpatrick*, 458 F.2d 864, 868 (7th Cir.1972) (same); *cf. United States v. Griffin*, 814 F.2d 806, 810 (1st Cir.1987) (dictum); *United States v. Bozza*, 365 F.2d 206, 221 (2d Cir.1966) (dictum). Whether the charges are proved remains to be seen, but that's a question for another day. *See United States v. Corona*, 34 F.3d 876, 878–80 (9th Cir.1994) (reviewing venue after conviction); *United States v. Ochoa–Torres*, 626 F.2d 689, 691–92 (9th Cir.1980) (same); *United States v. Polizzi*, 500 F.2d 856, 898–99 (1974) (same), *cert. denied*, 419 U.S. 1120, 95 S.Ct. 802, 803, 42 L.Ed.2d 820 (1975).

VACATED AND REMANDED.