119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvaro CHAVEZ, Defendant-Appellant.
 No. 96-35864.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
July 18, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Alvaro Chavez appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence and jury conviction for drug trafficking offenses. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 Chavez first contends that the district court lacked authority to sentence him to 324 months imprisonment plus ten years supervised release because at the time of the conspiracy the maximum penalty under 21 U.S.C. § 963 was fifteen years imprisonment. We do not address this issue because Chavez raises it for the first time on appeal. See United States v. Johnson, 988 F.2d 942, 945 (9th Cir.1993) (issues not raised before the district court will generally not be addressed on appeal).
 
 
 4
 Chavez next contends that venue for the substantive counts was improper because he had never been in the state of Washington. This contention lacks merit.
 
 
 5
 The substantive crimes of transportation of cocaine on an aircraft, importation of cocaine, and possession of cocaine with intent to distribute are all continuing offenses which may be prosecuted "in any district in which such offense was begun, continued, or completed." See United States v. Corona, 34 F.3d 876, 879 (9th Cir.1994). Chavez does not challenge the district court's finding that the substantive offenses were continued into the Western District of Washington. Furthermore, Chavez was charged in the superseding indictment with aiding and abetting as well as with participation in each offense as a principal. See 18 U.S.C. § 2; United States v. Mendoza, 108 F.3d 1155, 1156 (9th Cir.1997). Thus, venue was proper in the Western District of Washington. See Mendoza, 108 F.3d at 1156; Corona, 34 F.3d at 879.[1]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4. Accordingly, Chavez's request for oral argument and appointment of counsel for the limited purpose of oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Chavez initially couched the venue argument in terms of ineffective assistance of counsel. To the extent he is challenging the district court's denial of that claim, the challenge must fail because Chavez cannot show prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984)