**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Andrew LUCERO, Defendant— Appellant.**

No. 05–30176.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2006.

Decided Jan. 23, 2006.

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

James E. Seykora, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff—Appellee.

Steven C. Haddon, Esq., Helena, MT, for Defendant—Appellant.

Before: KLEINFELD, GRABER, and BEA, Circuit Judges.

### MEMORANDUM *

1. Defendant Andrew Lucero appeals his convictions for conspiracy and possession of methamphetamine and marijuana with the intent to distribute under 21 U.S.C. §§ 841(a) and 846 and 18 U.S.C. § 2. He also appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291.

■ 2. Lucero argues that the prosecution failed to produce sufficient evidence showing that venue for the substantive offenses was proper in Montana. Before trial, Lucero moved to dismiss the indictment for improper venue. In ruling on a pre-trial motion to dismiss for lack of venue, the court must determine whether the claimed venue is proper from the allegations in the indictment. *United States v. Jensen,* 93 F.3d 667, 669 (9th Cir.1996). "[T]he crime of drug possession with intent to distribute, or aiding and abetting such possession, occurs where the principal commits it." *United States v. Mendoza,* 108 F.3d 1155, 1156 (9th Cir.1997). Here, the indictment charged that Lucero or a co-conspirator possessed the contraband in the district of Montana; taking this allegation as true, the district court correctly denied Lucero's motion to dismiss. Lucero did not renew his motion to dismiss for lack of venue at the close of the government's case as allowed by *United States v. Ruelas–Arreguin,* 219 F.3d 1056, 1060 (9th Cir.2000). We therefore need not consider the sufficiency of the evidence of venue in Montana.

■ 3. Lucero also argues that the district court's limiting instructions pursuant to Federal Rule of Evidence 404(b) were inadequate. Since Lucero failed to object to the form of the limiting instructions, we review only for plain error. *See, e.g., United States v. Recio,* 371 F.3d 1093, 1099–1102 (9th Cir.2004). The district court repeatedly gave the jury cautionary instructions that followed this circuit's pattern instructions. Even if its doing so were error, the error certainly would not be "plain." *See United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (to be "plain," an "error must 'clear'" or "obvious" under current law).

■ 4. Lucero appeals from his sentence, arguing that the district court erred by

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

converting the quantity of methamphetamine mixture, found by the jury, into a quantity of pure methamphetamine to calculate his sentence under the Guidelines. "'[W]here [a drug quantity] finding exposes the [defendant] to a higher statutory maximum than he otherwise would face, the finding must be made by the jury, or, in the case of a guilty plea, by the court beyond a reasonable doubt.'" *United States v. Thomas,* 355 F.3d 1191, 1202 (9th Cir.2004) (quoting *United States v. Banuelos,* 322 F.3d 700, 702 (9th Cir.2003)). Here, the district court's drug quantity finding did not increase the statutory maximum under 21 U.S.C. § 841(b). Therefore, the drug quantity finding did not need to be made by a jury. The district court recognized that the Guidelines were advisory and Lucero does not argue his sentence was "unreasonable."

5. Finally, Lucero argues that the district court violated his rights under the Due Process Clause by treating the Guidelines as advisory in calculating his sentence, even though he was convicted before the decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Our precedent forecloses this argument. *See United States v. Dupas,* 419 F.3d 916, 920 (9th Cir.2005).

AFFIRMED.