**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 13 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30238 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00038-SPW-9 |
| v. | |
| MARIO ALBERT VILLEGAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 9, 2017[**]
Seattle, Washington

Before: McKEOWN, CALLAHAN, and IKUTA, Circuit Judges.

Mario Villegas appeals his jury conviction and sentence for conspiracy to

distribute methamphetamine and to possess methamphetamine with intent to

distribute, in violation of 21 U.S.C. § 846, and possession with intent to distribute

methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err when it denied Villegas's motion to suppress the wiretap and digital evidence. *United States v. Reed*, 575 F.3d 900, 908 (9th Cir. 2009). The government had no duty to establish necessity as to each possible interceptee, and Villegas does not dispute that the government sufficiently established necessity for the wiretaps with regard to its investigation of the drug trafficking conspiracy as a whole. *Id.* at 911–12.

The jury instructions on venue correctly stated the law. *United States v. Gonzalez*, 683 F.3d 1221, 1224–26 (9th Cir. 2012) (standard for venue on conspiracy charge); *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010) (explaining that jury instructions must correctly state the law); *United States v. Mendoza*, 108 F.3d 1155, 1156 (9th Cir. 1997) (standard for venue on possession charge); *see also United States v. Valdez-Santos*, 457 F.3d 1044, 1046 (9th Cir. 2006) (same). The jury instructions as a whole were not misleading. *Hofus*, 598 F.3d at 1174. The court properly instructed the jury that the government had to prove the elements for the conspiracy and possession charges beyond a reasonable doubt. It was not misleading for the court to also instruct the jury on what the government had to prove by a preponderance of the evidence in order to establish venue.

Villegas's sentence was substantively reasonable. *United States v. Dibe*, 776

2

F.3d 665, 669 (9th Cir. 2015). Villegas does not dispute that 360 months was the low end of the advisory guideline range. The district court properly reviewed the relevant 18 U.S.C. § 3553(a) factors and explained why a downward variance was inappropriate, given the seriousness of the offense and Villegas's extensive criminal history. *See United States v. Carty*, 520 F.3d 984, 991–93 (9th Cir. 2008) (en banc). The district court also explained why Villegas's sentence was not disproportionate to the sentences of his co-conspirators, since the disparity was attributable to Villegas's elevated criminal history, and those of Villegas's co-conspirators who were not entitled to special considerations also received guideline-range sentences.

**AFFIRMED.**