**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

FREDERICK A. OBAK,
*Defendant-Appellant*.

No.16-10362

D.C. No.
1:14-cr-00018-FMTG-2

OPINION

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge,
Presiding

Submitted October 10, 2017*
Honolulu, Hawaii

Filed March 13, 2018

Before: Mary M. Schroeder, Dorothy W. Nelson,
and M. Margaret McKeown, Circuit Judges.

Opinion by Judge McKeown

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

---

### Criminal Law

The panel affirmed a conviction in the United States District Court for the District Court of Guam, in a case in which the defendant argued that his constitutional right under Article III, Section 2, clause 3 and the Sixth Amendment to be tried in a state or district where the crime was committed was violated because Guam is neither a state nor a district.

The panel dispensed with the defendant's challenge to the district court's subject matter jurisdiction because under the Organic Act of Guam, the District Court of Guam has the same jurisdiction as a district court of the United States.

The panel wrote that the defendant waived any objection as to a defect in venue, but that the government, by not raising the waiver issue, waived its ability to rely on the defendant's waiver. The panel wrote that the framework set forth by Fed. R. Crim. P. 18 and 18 U.S.C. § 3237(a) places venue in both Guam and Washington State.

The panel held that the defendant's Article III challenge fails because, unlike certain other provisions of the United States Constitution, Congress never extended Article III, Section 2, clause 3 to Guam.

Recognizing that Congress did extend the Sixth Amendment in its entirety to Guam, the panel held that the

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

defendant's Sixth Amendment right to a jury trial in the "State and district wherein the crime shall have been committed," was not violated by laying venue in Guam. The panel explained that to hold otherwise would require ignoring the constitutional and statutory framework established for Guam, overturn established precedent, and effectively strip federal district courts located in unincorporated territories of the ability to hear certain cases.

## COUNSEL

Howard Trapp, Howard Trapp Incorporated, Hagåtña, Guam, for Defendant-Appellant.

Garth R. Backe, Assistant United States Attorney; Shawn N. Anderson, Acting United States Attorney; United States Attorney's Office, Guam and the Northern Mariana Islands, Hagåtña, Guam; for Plaintiff-Appellee.

## OPINION

McKEOWN, Circuit Judge:

This appeal arises from a venue objection disguised as a jurisdictional challenge. Frederick A. Obak appeals from his conviction in the United States District Court for the District of Guam based on his guilty plea for attempted possession of methamphetamine with intent to distribute. Obak argues that his constitutional right under Article III, Section 2, clause 3 and the Sixth Amendment to be tried in a state or district where the crime was committed was violated because Guam is neither a state nor a district. Although Obak

challenges the "jurisdiction" of the District Court of Guam, the core of his complaint is that venue in Guam violated his constitutional rights.

Obak's argument under Article III fails right off the bat because, unlike certain other provisions of the United States Constitution, Congress never extended Article III, Section 2, clause 3 to Guam. In contrast, the Sixth Amendment, which provides for the right to a jury trial in "the State and district wherein the crime shall have been committed," does apply to Guam. But Obak is still not home free because Congress has deemed Guam a "district." Obak's crime occurred in part in the district of Guam and hence venue in Guam was proper.

## Background

Obak, a citizen of Palau, has lived in Guam for the last forty years. Obak was involved in a narcotics scheme in which two individuals living in Guam, Amos Ueda and Thomas Kautz, each agreed to receive a package containing methamphetamine sent from Washington State. Obak instructed them to contact him once the packages arrived in Guam. As a precaution, Obak also arranged to have a Guam Customs and Quarantine Officer, Jayvin Remoket, alert him if law enforcement intercepted the packages. A United States Postal Inspector intercepted the packages sent to Ueda and Kautz, and the methamphetamine was replaced with a sham product and a tracking device. Remoket informed Obak that the package sent to Ueda had been intercepted, so neither Obak nor Ueda accepted delivery. Obak later admitted to law enforcement that he intended to possess the methamphetamine and distribute it to other individuals.

Obak pleaded guilty to two counts of attempted possession of methamphetamine with intent to distribute, in

violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C). In the plea agreement, Obak waived, among other things, his constitutional right to a jury trial, and his right "to appeal or to collaterally attack any aspect of his conviction or sentence including, but not limited to, any pretrial dispositions of motions and other issues."  The plea agreement also provided that Obak "acknowledges and agrees that this waiver shall result in the dismissal of any appeal or collateral attack [Obak] might file challenging his conviction or sentence in this case, other than an attack based on alleged ineffective assistance of counsel, alleged involuntariness of [Obak's] guilty plea, or alleged prosecutorial misconduct." The district court accepted the plea, at sentencing reiterated the terms of the waiver, and sentenced Obak to 192 months in prison.

Within a week of the district court's sentencing judgment, Obak substituted his attorney and filed a motion to dismiss the information on the ground that the District Court of Guam was "without jurisdiction" because the charged offenses were "cognizable only in the State and the eastern or western federal judicial district of Washington." Because the court did not explicitly rule on this motion, we proceed as if the motion were denied.  Obak appeals the judgment of conviction, arguing that his constitutional right to be tried in the "State or district" where the alleged crime was committed was violated because Guam is neither a state nor a district.  Because this is a criminal case, we review de novo Obak's claim of improper venue.  *See United States v. Valdez-Santos*, 457 F.3d 1044, 1046 (9th Cir. 2006).

### Analysis

Obak nominally raises a jurisdictional challenge, but this case boils down to an argument over venue.  *See United*

*States v. Roberts*, 618 F.2d 530, 537 (9th Cir. 1980) ("Occasionally courts speak in terms of jurisdiction when they mean venue. This imprecision unfortunately causes confusion, but it does not convert venue problems into problems involving subject matter jurisdiction." (citation omitted)).

We quickly dispense with Obak's challenge to the district court's subject matter jurisdiction. Under the Organic Act of Guam, the District Court of Guam has the same jurisdiction as a district court of the United States. *See* 48 U.S.C. § 1424(b) ("The District Court of Guam shall have the jurisdiction of a district court of the United States, including, but not limited to, the diversity jurisdiction provided for in section 1332 of Title 28, and that of a bankruptcy court of the United States."); *see also United States v. Santos*, 623 F.2d 75, 77 (9th Cir. 1980) (holding that the District Court of Guam has jurisdiction to hear criminal cases involving violations of federal law).

Having resolved the challenge to jurisdiction, we now turn to the question of venue. By entering a guilty plea, Obak waived any objection as to a defect in venue.[1] Even though certain venue restrictions may be grounded in the Constitution, "[t]his 'constitutional venue' right, like other venue rights, can be waived." *Roberts*, 618 F.2d at 537 (citing *United States v. Powell*, 498 F.2d 890, 891 (9th Cir. 1974)). However, inexplicably the government's brief

---

[1] In the plea agreement, Obak explicitly agreed to waive his right to a jury trial and his right to appeal or collaterally attack the conviction or sentence, except on the grounds of ineffective assistance of counsel, involuntariness of the plea, or prosecutorial misconduct. Obak did not challenge any of these grounds on appeal. The Supreme Court's recent decision in *Class v. United States* does not change this result. No. 16-424, 2018 WL 987347 (U.S. Feb. 21, 2018).

responded to the merits and did not raise the waiver issue. So, the government waived its ability to rely on Obak's waiver. *United States v. Garcia–Lopez*, 309 F.3d 1121, 1122 (9th Cir. 2002) (holding that "the government can waive the waiver"); *see also United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006) (noting that, "[i]n the absence of the government's objection to [the defendant's] appeal based on his appeal waiver, the waiver is not binding because the government has waived the issue."); *United States v. Jacobo Castillo*, 496 F.3d 947, 949, 957 (9th Cir. 2007) (en banc) (holding that a valid guilty plea does not deprive the appellate court of jurisdiction).

The starting point for analyzing venue is the Federal Rules of Criminal Procedure, which provide that "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18.[2] When a crime is a "continuing offense," that is, "begun in one district and completed in another, or committed in more than one district," venue is proper "in any district in which [the crime] was begun, continued, or completed." 18 U.S.C. § 3237(a); *see Valdez-Santos*, 457 F.3d at 1046. An offense involving "the use of the mails" is a continuing offense, and venue is proper "in any district from, through, or into which" the mail moves. 18 U.S.C. § 3237(a). This framework places venue in both Guam and Washington State. Obak's crime began in Washington State, where the packages of methamphetamine were placed in the mail, and continued and/or was completed in Guam.

Obak attempts to circumvent this result by relying on two constitutional venue provisions. Under Article III,

---

[2] Under Rule 1(a)(3)(A), these rules "govern the procedure in all criminal proceedings" in "the district court of Guam."

Section 2, clause 3, "Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed." U.S. Const. Art. III § 2, cl. 3. The Sixth Amendment guarantees a right to a jury trial in "the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. Const. amend. VI. Neither provision offers Obak the relief he seeks.

As a preliminary matter, we consider whether Obak, a resident of Guam for forty years, can avail himself of these constitutional protections. With the exception of certain "fundamental rights," constitutional rights do not automatically apply to unincorporated territories such as Guam. *See Guam v. Guerrero*, 290 F.3d 1210, 1214, 1217 (9th Cir. 2002) ("Guam is a federal instrumentality, enjoying only those rights conferred to it by Congress."); *see also* 48 U.S.C. § 1421a ("Guam is declared to be an unincorporated territory of the United States."). Thus, "[a]n act of Congress is required to extend constitutional rights to the inhabitants of unincorporated territories." *Guerrero*, 290 F.3d at 1214.[3]

In *Pugh v. United States*, we held that neither Article III, Section 2, clause 3 nor the Sixth Amendment have

---

[3] For example, it was only after Congress enacted the Revised Organic Act of 1954 that inhabitants of the Virgin Islands—an unincorporated territory—were provided with a constitutional right to a jury trial. *See Gov't of Virgin Islands v. Bodle*, 427 F.2d 532, 533–34 n.1 (3d Cir. 1970) ("All aspects of the Constitution do not ex proprio vigore become operative in unincorporated territories, and until a territory is incorporated into the United States, full constitutional guarantees remain in abeyance. . . . Congress, however, has provided the right to a jury trial in criminal cases to the inhabitants of the Virgin Islands by virtue of the Revised Organic Act of 1954, 48 U.S.C. § 1616."); *see also* 48 U.S.C. § 1561.

"application to the Island of Guam or to the courts therein in the absence of some act of Congress extending their application there." 212 F.2d 761, 762–63 (9th Cir. 1954). However, in 1968, revisions to the Organic Act—known as the Mink Amendment—extended certain constitutional rights to Guam, including the Sixth Amendment in its entirety. *Guerrero*, 290 F.3d at 1214; *see* 48 U.S.C. § 1421b(u) ("The following provisions of and amendments to the Constitution of the United States are hereby extended to Guam to the extent that they have not been previously extended to that territory and shall have the same force and effect there as in the United States or in any State of the United States: . . . the first to ninth amendments inclusive . . . ."). However, Congress has not similarly extended Article III, Section 2, clause 3 to Guam.[4] *See generally* Arnold H. Leibowitz, The Applicability of Federal Law to Guam, 16 Va. J. Int'l L. 21, 29-31 (1975) (noting that the Organic Act of 1950 and the 1968 amendment extended numerous, but not all, constitutional rights to Guam). Thus, our holding in *Pugh*—that Article III, Section 2, clause 3 does not apply to Guam—still stands. 212 F.2d at 762–63. Obak may avail himself of the constitutional protections of the Sixth Amendment but not of the protections of Article III, Section 2, clause 3.

Finally, we address whether Obak's Sixth Amendment right to a jury trial in the "State and district wherein the crime shall have been committed" was violated. Again, inexplicably, the government didn't argue that Obak's

---

[4] Obak conceded as much in his supplemental briefing, stating that Article III, Section 2, clause 3 "does not include Guam." The government was in accord. The court requested supplemental briefing from both parties on the applicability of the constitutional provisions to Guam.

appeal waiver precludes this challenge. But even with this omission by the government, Obak cannot prevail.

To give effect to the congressional extension of the Sixth Amendment to Guam, it makes no common sense to claim that Guam is not a state or a district such that venue cannot be laid in Guam. Otherwise, having the same "force and effect" in Guam as "in any State of the United States" would strip away part of the amendment as extended to Guam. As noted earlier, under 48 U.S.C. § 1424, "[t]he District Court of Guam shall have the jurisdiction of a district court of the United States." Reinforcing that provision, we have held that "the term 'district' includes territories containing 'district courts' pursuant to an act of Congress." *United States v. Lee*, 472 F.3d 638, 644 (9th Cir. 2006) (providing that, unlike Guam, American Samoa is not a "district" because it is a territory that lacks a district court) (citing *United States v. Santos*, 623 F.2d 75, 77 (9th Cir. 1980)). We have invoked this rationale to reject the argument that Obak now advances—that venue in Guam is improper because Guam is neither a state nor a district. For example, in *United States v. Santos*, we held that 18 U.S.C. § 3238— a venue statute that applies when an offense is "not committed in any district"—did not apply when a defendant's offense occurred in Guam. 623 F.2d 75, 77 (9th Cir. 1980) (per curiam). Citing 48 U.S.C. § 1424, we rejected the argument that Guam is not a judicial district and held that an offense committed there is not "out of the jurisdiction of any particular district." *Id.*

We hold that Obak's Sixth Amendment right to a jury trial in the "State and district wherein the crime shall have been committed" was not violated by laying venue in Guam. To hold differently would require us to ignore the constitutional and statutory framework established for

Guam, overturn established precedent, and effectively strip federal district courts located in unincorporated territories of the ability to hear certain cases.

**AFFIRMED**.