**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-15522 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:20-cv-01162-JAD |
| | 2:15-cr-00036-JAD-CWH |
| OSCAR HERNANDEZ-LOPEZ, | |
| | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted July 25, 2022
San Francisco, California

Before: GRABER and WARDLAW, Circuit Judges, and BAKER,** International
Trade Judge.

Oscar Hernandez-Lopez appeals from the district court's order denying his

28 U.S.C. § 2255 motion challenging his conviction for brandishing a firearm during

and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). He was also

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable M. Miller Baker, Judge for the United States Court of
International Trade, sitting by designation.

convicted of one count of conspiring to commit Hobbs Act robbery and three counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951. He contends that we must vacate his § 924(c) conviction because it was not predicated on a qualifying "crime of violence" in view of *United States v. Davis*, 139 S. Ct. 2319 (2019). We issued a certificate of appealability as to "whether the district court properly determined that appellant's claim is procedurally defaulted and, if not, whether appellant is entitled to relief on the merits."[1]

We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review a district court's denial of relief to a federal prisoner under 28 U.S.C. § 2255 de novo, *United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016) (en banc), and we also apply de novo review to findings as to whether there has been a procedural default, *United States v. Ratigan*, 351 F.3d 957, 961 (9th Cir. 2003).

1. "A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response

---

[1] As part of his plea agreement, Hernandez-Lopez waived the right to appeal any aspect of his conviction or sentence. The district court found that waiver inapplicable to the collateral challenge at issue here, under *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016). That conclusion was later rendered erroneous by *United States v. Goodall*, 21 F.4th 555 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2666 (2022) (mem.), which involved a waiver identical to the one in this case and which held that a defendant executing a waiver of all appellate rights knowingly takes the risk that a later change in the law might have required a different outcome. *Id.* at 562. In this case, however, the government has failed to challenge the district court's waiver conclusion. Therefore, "the government waived its ability to rely on . . . waiver." *United States v. Obak*, 884 F.3d 934, 937 (9th Cir. 2018).

to the default." *Ratigan*, 351 F.3d at 962 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Hernandez-Lopez contends that he has not procedurally defaulted because "his § 924(c) conviction is unconstitutional and thus his indictment failed to state an offense" and argues that his claim therefore "raises jurisdictional defects that cannot be procedurally defaulted." Precedent forecloses his theory. "[D]efects in an indictment do not deprive a federal court of its power to adjudicate a case," as "the objection that the indictment does not charge a crime against the United States goes only to the merits of the case." *Id.* at 962–63 (cleaned up) (discussing *United States v. Cotton*, 535 U.S. 625, 630 (2002), and *Lamar v. United States*, 240 U.S. 60, 65 (1916) (Holmes, J.)). The district court therefore correctly found that Hernandez-Lopez procedurally defaulted on his challenge to his guilty plea.

2. A defendant who has procedurally defaulted a claim may raise it via § 2255 only upon a demonstration of either "cause" and "actual prejudice" or upon a demonstration that the defendant is "actually innocent."[2] *Bousley*, 523 U.S. at 622. The district court found that Hernandez-Lopez did not show cause for his procedural default. He contends that finding was erroneous because the basis for his challenge to his guilty plea "was not reasonably available at the time of direct appeal."

Hernandez-Lopez relies extensively on *Davis*, in which the Supreme Court found the "residual clause" of § 924(c)(3)(B) to be unconstitutionally vague. 139

---

[2] Hernandez-Lopez does not argue "actual innocence."

3

S. Ct. at 2323–24 (2019). But despite his frequent references to *Davis*, he repeatedly states that he is challenging his conviction based on § 924(c)'s *elements* clause, not its residual clause. *Davis*, however, ruled only that the residual clause, *not* the elements clause, was unconstitutional. *See id*. The district court therefore correctly concluded that *Davis* does not afford Hernandez-Lopez a new claim. Although he argues that cause exists where a direct appeal "would have been futile, because a solid wall of circuit authority" precluded relief, the only "wall of circuit authority" he cites held the *residual clause* constitutional. Because his challenge rests on an interpretation of the elements clause, his argument is unavailing, and he offers no other theory to establish cause for not having raised the elements clause issue sooner.[3]

**AFFIRMED.**

---

[3] Because we affirm the district court's determination that Hernandez-Lopez did not show "cause" for his procedural default, we need not address the "prejudice" issue.